**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO ROCHA,<br><br>Defendant. | Case No.: 1:10-cr-00305 JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 95) |

Ernesto Rocha seeks early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). He asserts that being on probation has made it difficult to secure a higher paying job and for this reason, he wants to terminate supervised release and to have his criminal record sealed. For the reasons set forth below, the motion is **DENIED**.

**I.    Background**

Mr. Rocha plead guilty to conspiring to manufacture, distribute and possess with intent to distribute marijuana, which involved the cultivation of 6,540 plants on public land. (Doc. 42 at 7) At the time of his apprehension by law enforcement authorities, Mr. Rocha was armed and tried to flee. Id. The amount of marijuana involved in the count to which Mr. Rocha entered his guilty plea, was 654 kilograms. Id.

The Court sentenced Mr. Rocha to 120 months in custody followed by 60 months of supervised release. (Doc. 55 at 3) Mr. Rocha's supervision started on March 22, 2019. Approximately

1  34 months later, Mr. Rocha filed this motion to terminate his supervised release. (Doc. 95) Both the
2  United States Probation Office and the United States oppose the motion. (Doc. 104)

## II.     Legal Standard

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1). Under this statute, the court has broad discretion to terminate supervision if the defendant has served one year of supervised release and the court determines that termination "is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1); United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). Before granting an early termination motion, the court must consider the following factors under 18 U.S.C. § 3553(a): (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. See § 3583(e)(1) (cross-referencing § 3553(a)(1), (a)(2)(B)–(D) & (a)(4)–(a)(7)). The defendant bears the burden of showing that early termination is justified. United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

## III.    Discussion

Mr. Rocha asserts that once employers learn that he is on probation, they are no longer interested in considering him for higher-paying jobs. (Doc. 95) Seemingly, however, the bigger issue is that he has been convicted of a felony as demonstrated by his plan to seek to have his conviction sealed, once his term of supervised release ends. Id. In addition, Mr. Rocha reports that his wife has been diagnosed with cancer, which has been very hard on the family. Id.

The probation officer reports that Mr. Rocha has performed satisfactorily while on supervised release. Consequently, he has been placed on low-risk supervision. He has obtained a certificate in welding and has recently obtained temporary employment but has not obtained permanent employment. The probation officer opposes termination of supervision until after Mr. Rocha obtains permanent

employment.

Likewise, the government opposes early termination of supervised release and notes that the length of his supervised release was part of the sentence he received as a consequence of his conviction based upon his plea agreement. (Doc. 97 at 3). Also, the government argues that his failure to obtain stable, permanent employment is a risk factor for recidivism. Id.

**D.     Determination**

After considering the applicable factors under 18 U.S.C. § 3553(a), the Court concludes that Mr. Rocha has not established that early termination of his supervised release is justified. Though Mr. Rocha rightfully wishes to obtain a higher-paying job, this, in and of itself, is not sufficient support for early termination of his supervised release. Rather, he must demonstrate that he has achieved stable community integration which, in part, may be demonstrated by a long-term commitment to the community through obtaining permanent employment. Also, though the Court clearly cannot appreciate just how hard it has been for his family coping with his wife's illness, this, also does not justify early termination of supervised release.

The seriousness of Mr. Rocha's underlying offense cannot be questioned. This is demonstrated by the fact that the maximum penalty for this offense is life in custody and lifetime supervised release. Despite this, after considering the § 3553(a) factors, the Court sentenced Mr. Rocha to 120 months in custody and 60 months of supervised release, which is similar to the sentences imposed in cases of defendant with similar backgrounds. Thus, Mr. Rocha's sentence represented both a substantial reduction from the available terms and as a favorable comparison to other defendants with similar records who have been found guilty of similar criminal conduct. Thus, the Court finds that the term of supervision imposed originally term remains just punishment and refusing to end the supervision at this time, bests reflects to society the seriousness of the offense and deter others from engaging in similar criminal conduct.

Though the Court declines to grant Mr. Rocha early termination now, it notes his good compliance with his supervision conditions and the apparent signs of his rehabilitation. Even with these achievements, however, there is value in maintaining supervision to ensure that this compliance and progress continue. See also United States v. Bauer, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012)

(explaining that compliance with supervision conditions, resumption of employment, and engagement of family life are expected milestones and not necessarily grounds for early termination).

**ORDER**

Thus, the Court **ORDERS** that Mr. Rocha's motion for early termination of supervised release (Doc. 95) is **DENIED**.

IT IS SO ORDERED.

Dated: **February 8, 2022**

UNITED STATES DISTRICT JUDGE